UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHARLES GRAU,

    Plaintiff,

v.                                                Case No. 5:14-cv-044-Oc-30PRL

THE CITRUS COUNTY JUDICIAL
SYSTEM,

    Defendant.

## ORDER DISMISSING CASE

Plaintiff initiated this *pro se* action by filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) in the Jacksonville Division of this Court. The case was transferred to this Court because Plaintiff is presently incarcerated at the Citrus County Detention Facility. See Doc. 4.

Upon review of the file, the Court notes Plaintiff failed to pay the required filing fee or file a request to proceed as a pauper within thirty (30) days of the commencement of the case. Thus, pursuant to Rule 1.03(e) of the Local Rules of the United States District Court for the Middle District of Florida, this case is dismissed without prejudice. See also 28 U.S.C. § 1914(a). If Plaintiff decides to initiate a case, he must, within thirty days of the commencement of the new case, pay the required filing fee or file a request to proceed as a pauper.

Further, in any 42 U.S.C. §1983 cause of action, the initial inquiry must focus on whether the two essential elements to a section 1983 action are present.

> A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under the color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States.[1]

Plaintiff has failed to name a Defendant upon which relief may be sought. Plaintiff names only the "The Citrus County Judicial System" which is not a "person" subject to suit in a §1983 civil rights action. For liability under 42 U.S.C. §1983, Plaintiff must allege an affirmative causal connection between the Defendant's conduct and the constitutional deprivation.[2]

The Clerk is directed dismiss this case without prejudice, terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Tampa, Florida on January 27, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

---

[1] *Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992); *Hale v. Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995).

[2] *Swint v. City of Wadley, Alabama*, 51 F.3d 988 (11th Cir. 1995); *Tittle v. Jefferson County Commission*, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).